UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **VICTOR LAMONT JORDAN SR.,** : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:24cv259 (VAB) |
| : | |
| **DEPARTMENT OF CORRECTIONS,** : | |
| et al., : | |
|     Defendants. : | |

**ORDER**

Victor Jordan ("Plaintiff"), a sentenced inmate housed at Cheshire Correctional Institution ("Cheshire") in the custody of the Connecticut Department of Correction ("DOC"), filed this civil rights Complaint under 42 U.S.C. § 1983.[1] Compl., ECF No. 1 (Feb. 2, 2024).

After initial review, the Court permitted Mr. Jordan to proceed on the following claims: (1) an Eighth Amendment claim against Defendants Lieutenant Caballero, Officer Rosa, RN Donn[2], Officers Doe 1 through 4, and Lieutenant Doe for use of excessive force due to use of the chemical agent; (2) an Eighth Amendment claim against Officers Doe 1 and Doe 2 for use of excessive force while escorting Mr. Jordan after his cell removal; (3) an Eighth Amendment claim against RN Donn, Officers Doe 1 through 4, and Lieutenant Doe based on their use of excessive force by implementing harsh restraints; (4) an Eighth Amendment claim against Lieutenant Caballero, Officer Rosa, RN Donn, Officers Doe 1 through 4, and Lieutenant Doe

---

[1] Information on the Department of Correction ("DOC") website shows that Mr. Jordan was sentenced on December 4, 2008 to a term that has not yet expired. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=339978 (last visited March 19, 2024). *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information). http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=165080.

[2] It appears—but is not clear—that both RN Donn and APRN Donn referenced in the complaint refer to the same person. This order will refer to both as RN Donn.

based on their deliberate indifference to the effects of chemical agent exposure on Mr. Jordan's health; (5) an Eighth Amendment claim against Lieutenant Caballero, RN Donn, Officers Doe 1 through 4, and Lieutenant Doe based on their deliberate indifference to Mr. Jordan's decontamination needs after his chemical agent exposure; (6) an Eighth Amendment claim against RN Donn, Officer Doe 1 through 4, and Lieutenant Doe for failure to address his need for medical attention for injuries; (7) an Eighth Amendment claim against Lieutenant Caballero, Officer Rosa, RN Donn, Lieutenant Doe and Officers Doe 1 through 4 arising from their deliberate indifference to Mr. Jordan's need for mental health treatment; (8) an Eighth Amendment claim against Officer Rosa, Captain Porlyo, and Lieutenant Caballero arising from their deliberate indifference to his need for a single cell for his health and safety; and (9) state law assault and battery claims against Lieutenant Caballero, Officers Doe 1 through 4, and Lieutenant Doe. Initial Review Order, ECF No. 14 (May 31, 2024) ("IRO").

In its Initial Review Order, the Court afforded Mr. Jordan two options: he could proceed with his Complaint on the claims as set forth in the Court's Initial Review Order or file an amended complaint on or before July 5, 2024. As Mr. Jordan did not file an amended complaint on or before July 5, 2024, the Court commenced the process of serving Defendants Michelle Caballero, Raymond Rosa, and Christopher Porlyo. Service could not commence for RN Donn because the DOC Office of Legal Affairs advised the Court that it could not identify Defendant Donn. In addition, as explained in the Initial Review Order, the Court could not commence the service process on any Doe defendants until Mr. Jordan identified them. See IRO at 29.

Mr. Jordan has recently filed a motion to add parties. Mot. to Add Parties, ECF No. 16 (August 5, 2024). He explains that he wishes to add parties "who[se] names were not known to

him during [the] initial filing of [the] complaint" and who were referred to as "John/Jane Does." *Id.* at 1. He states that he cites the names in accordance with the "I.R.O. Ruling." *Id.*

The Court **GRANTS** Mr. Jordan's Motion to Add Parties.

Accordingly, the Court enters the following Orders.

**ORDERS**

(1) Mr. Jordan's motion to add parties, ECF No. 16, is GRANTED.

(2) The case shall proceed with the following individual capacity claims for damages:

(a) an Eighth Amendment violation for use of excessive force due to use of a chemical agent, brought against Defendants Lieutenant Caballero; Officer Rosa; RN Donn; Lieutenant Major; Correction Officer Pellitteri; Correction Officer Defazio; Correction Officer Biello; Correction Officer Romanelli; Correction Officer Wilkerson; and Correction Officer Barnes;

(b) an Eighth Amendment violation for use of excessive force while escorting Mr. Jordan after his cell removal, brought against Correction Officer Wilkerson and Correction Officer Defazio;

(c) an Eighth Amendment violation for use of excessive force by implementing harsh restraints, brought against RN Donn; LPC Wiggins; Lieutenant Turmel; Lieutenant Finkle; RN Edgar; Correction Officer Valdez; Correction Officer Boucher; Correction Officer Kennedy; Correction Officer Servino; Correction Officer Stevens; and RN Colleen;

(d) an Eighth Amendment violation based on deliberate indifference to the effects of chemical agent exposure on Mr. Jordan's health, brought against Lieutenant Caballero; Officer Rosa; RN Donn; Lieutenant Major; Correction Officer Defazio; Correction Officer Wilkerson; Correction Officer Romanelli; Correction Officer Pellitteri; Correction Officer Barnes; and

Correction Officer Biello;

(e) an Eighth Amendment violation based on deliberate indifference to Mr. Jordan's decontamination needs due to chemical agent exposure, brought against Lieutenant Caballero; RN Donn; Lieutenant Major; Correction Officer Biello; Correction Officer Pellitteri; Correction Officer Defazio; Correction Officer Romanelli; Correction Officer Wilkerson; and Correction Officer Barnes;

(f) an Eighth Amendment violation for failure to address Mr. Jordan's need for medical attention for injuries, brought against RN Donn; Lieutenant Turmel; Lieutenant Finkle; CHN Edgar; Correction Officer Pellitteri; Correction Officer Defazio; Correction Officer Biello; Correction Officer Romanelli; Correction Officer Wilkerson; Correction Officer Barnes; Lieutenant Major; Correction Officer Stevens; RN Colleen; Correction Officer Boucher; Correction Officer Kennedy; Correction Officer Servino; Correction Officer Valdez and LPC Wiggins;

(g) an Eighth Amendment violation arising from deliberate indifference to Mr. Jordan's need for mental health treatment, brought against Lieutenant Caballero; Officer Rosa; RN Donn; Lieutenant Major; and Correction Officers Pellitteri, Defazio, Biello, Romanelli, and Wilkerson;

(h) an Eighth Amendment violation arising from deliberate indifference to Mr. Jordan's need for a single cell for his health and safety, brought against Officer Rosa; Captain Porlyo and Lieutenant Caballero; and

(i) State law assault and battery claims against Lieutenant Caballero; Lieutenant Finkle; Lieutenant Major; and Correction Officers Wilkerson, Biello, Defazio, Romanelli, Pelliteri, Severino, Stevens, Boucher, Kennedy and Valdez.

4

(3) Mr. Jordan is directed to review his materials or serve discovery requests on defense counsel to determine identifying information about RN Donn, including their full name and current work address.

It is the obligation of Mr. Jordan as Plaintiff, to provide the service address of a Defendant. *See Castro v. Cusack*, No. 15 CV 714 (ENV) (LB), 2019 WL 4361049, at *4 (E.D.N.Y. Feb. 19, 2019) ("It is plaintiff's obligation to provide the proper service address to the Marshals Service."). Mr. Jordan may also include any other information about RN Donn that would facilitate identification of this Defendant.

Plaintiff is instructed to file **on or before November 1, 2024,** a notice entitled Notice Re: Identifying Information that provides information to identify RN Donn. Failure to provide this information **on or before November 1, 2024,** will result in dismissal of RN Donn from this action. Once Mr. Jordan provides this information the Court can attempt to effect service on RN Donn.

(4) The Clerk of Court shall verify with the DOC Office of Legal Affairs the current work addresses for Lieutenant Major, Correction Officer Pellitteri, Correction Officer Defazio, Correction Officer Biello, Correction Officer Romanelli, Correction Officer Wilkerson, Correction Officer Barnes, LPC Wiggins, Lieutenant Turmel, Lieutenant Finkle, RN Edgar and/or CHN Edgar,[3] Officer Valdez, Correction Officer Boucher, Correction Officer Kennedy, Officer Servino, Officer Stevens, RN Colleen.

The Clerk of Court shall mail a waiver of service of process request packet containing the complaint and attachments to them at their confirmed addresses by **October 4, 2024**, and report

---

[3] It appears—but is not clear—that RN Edgar and CHN Edgar refer to the same person.

on the status of the waiver request by **October 18, 2024**. If a Defendant fails to return the waiver request, the Clerk of Court shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on Defendant, and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5) The Clerk of Court shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(6) Defendants shall file a response to the Complaint, in the form of an answer or motion to dismiss, by **December 20, 2024**. If Defendants choose to file an answer, Defendants shall admit or deny the allegations and respond to the cognizable claims recited above. Defendants may also include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed by **April 25, 2025**. Discovery requests need not be filed with the Court.

(8) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(9) All motions for summary judgment shall be filed by June 6, 2025.

(10) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(11) If Mr. Jordan changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. He must give notice of a new address even if he is incarcerated. He should

write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If he has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Defendants or defense counsel of his new address.

(12) Mr. Jordan shall utilize the Prisoner Efiling Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court. Local court rules provide that discovery requests are not filed with the Court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendant's counsel by regular mail.

**SO ORDERED** at New Haven, Connecticut, this 13th day of September, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE